**In the  
United States Court of Appeals for the Fifth Circuit**

_____

No. 23-50870

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

MARLON LARON SIMIEN,

*Defendant-Appellant.*

_____

Appeal from the United States District Court  
for the Western District of Texas

_____

**Unopposed Motion to Suspend Briefing  
and to Stay Further Proceedings**

Marlon Laron Simien moves the Court to suspend briefing and stay further proceedings pending this Court's decision in either *United States v. Quiroz*, No. 22-50834, or *United States v. Sanchez-Tena*, No. 22-51078, which raise the main issue in this appeal: whether 18 U.S.C. § 922(n), which prohibits a person under felony indictment from receiving a firearm, violates the Second Amendment.

**I**

Simien was charged with possessing a machinegun in violation of 18 U.S.C. § 922(o) (count one) and receiving a firearm while under felony indictment in violation of 18 U.S.C. § 922(n) (count two). He moved to

dismiss the indictment, arguing that both statutes violate the Second Amendment under the framework announced in *NYSRPA v. Bruen*, 597 U.S. 1 (2022), because they infringe on his right to keep and bear arms. The district court denied the motion, and Simien pleaded guilty. The court sentenced Simien to 65 months' imprisonment on count one and 60 months' imprisonment on count two (to run concurrently), as well as a 3-year term of supervised release. Simien timely appealed, and his opening brief is due April 18, 2024.

## II

On appeal, Simien intends to challenge the district court's order holding that § 922(n) complies with the Second Amendment.[1] That same issue is presented in both *United States v. Quiroz*, No. 22-50834, and *United States v. Sanchez-Tena*, No. 22-51078. Both cases are fully briefed, and the Court has already heard argument in *Quiroz*. Because the issue is already pending, this Court has stayed briefing in two other appeals raising challenges to § 922(n). *See United States v. Haynes*, No. 22-50805 (5th Cir. Jan. 9, 2023); *United States v. Hicks*, No. 23-50030 (5th Cir. Apr. 20, 2023).

---

[1] Simien also intends to preserve for further review his argument that § 922(o)'s ban on the possession of machineguns violates the Second Amendment. He acknowledges that this issue is foreclosed by this Court's precedent, which has held that "[m]achineguns are dangerous and unusual" and so "are not protected arms under the Second Amendment." *Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016).

2

Because the decision in either *Quiroz* or *Sanchez-Tena* will likely be dispositive of the central issues in this case, Simien requests a stay to conserve resources and to promote the efficient resolution of this case.

### III

The government does not oppose this motion.

Respectfully submitted.

MAUREEN SCOTT FRANCO
Federal Public Defender

s/ Carl R. Hennies
CARL R. HENNIES
Assistant Federal Public Defender
Western District of Texas
300 Convent Street, Suite 2300
San Antonio, Texas 78205
Tel.: (210) 472-6700
Fax: (210) 472-4454

*Attorney for Defendant-Appellant*

**Certificate of Compliance with Type-Volume Limit**

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 388 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Century Schoolbook.

s/ Carl R. Hennies<br>
CARL R. HENNIES<br>
*Attorney for Defendant-Appellant*<br>
Dated: April 10, 2024